# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 29, 1910.

AUXILIARY REALTY COMPANY
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE AND PUBLIC SERVICE COMMISSION.

*David Stewart* for plaintiff.

*W. Cabell Bruce* and *Edgar Allan Poe* for defendant.

STOCKBRIDGE, J.—

The bill of complaint filed in this case asks for an injunction to prohibit the Mayor and City Council of Baltimore from paying to the Public Service Commission the compensation, directed to be paid by the municipal corporation

by the Act of 1910, creating that Commission.

To this bill demurrer has been filed by the Mayor and City Council, and by the Public Service Commission.

The first ground upon which the invalidity of the act is assailed is easily disposed of. The law creating the commission provides that each of the commissioners shall receive a compensation of $3,000, payable out of the State Treasury, and then that the Chairman of the Commission shall receive $3,000, and each of the other commissioners the sum of $2,000 per annum "as employees of the municipal corporation." If the offices could be regarded as separate, then each commissioner would be in the receipt at the same time, and for the same work, of two salaries, one as a State official and the other as a municipal employee, and there might be force in the argument that this was violation of the Constitutional inhibition contained in Article 35 of the Declaration of Rights. But it is conceded by the counsel for the commission that there are not two different sets of duties to be performed, one on behalf of the State, the other of a municipal character, that the office is in fact one, and that the case is to be considered just as though the entire aggregate compensation had been directed to be paid by the State.

This admission leads to the second and most vital question in the case, viz: Does Section 1 of Article 15 of the Constitution apply to cases of officials given a fixed salary by the statute creating the office, or is its application limited to those officials who are paid by or out of fees?

The latter is the contention on behalf of the commission, and a most elaborate brief has been filed and able argument made in support of this view.

Certain it is, that so far as can be gathered from the proceedings of the conventions of 1851, 1864 and 1867, that in placing a limitation upon the compensation of officials, the one evil aimed at and sought to be corrected by the provisions of this section, was the abuse of the fee system.

No reference is anywhere made in the discussions to suggest that the convention had in contemplation any of the officials who were paid by a definite salary.

It is a fixed canon of construction, that in dealing with a constitution, it is not to be construed in a technical manner but in ascertaining its meaning, we are to consider the circumstances attending its adoption, and what appears to have been the understanding of the people when they adopted it, and this rule has been frequently recognized in Maryland: Jackson vs. State, 87 Md. 194; Bonsal vs. Yellott, 100 Md. 498.

Following this rule of construction, I am bound to hold that Section 1 of Article 15 of the Constitution is applicable only in the case of officials who are paid by or out of the fees of their offices.

Is the provision of the Act of 1910, creating the Public Service Commission, bad because it imposes a portion of the compensation upon the City and a portion upon the State? This in the view of the court is no longer a debateable question in Maryland, but effectually settled by such cases as Baltimore vs. State, 15 Md. 376; Talbott Co. vs. Queen Anne's Co., 50 Md. 245; Revell vs. Annapolis, 81 Md. 1.

The demurrers will therefore be sustained and the bill dismissed.